IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| PATAPSCO MART, LLC, *et al.*,  )<br>                                           )<br>    Plaintiffs,                   )<br>                                           )<br>v.                                        )<br>                                           )<br>UNITED STATES OF AMERICA,  )<br>                                           )<br>    Defendant.                    )<br>                                           ) | Civil Action No. 22-cv-00822-LKG<br><br>Dated:  April 26, 2024 |

### MEMORANDUM OPINION AND ORDER
### ON PLAINTIFFS' MOTION FOR RECONSIDERATION

### Introduction

Plaintiffs, Patapsco Mart, LLC ("Patapsco Mart") and Jamar Abdul Nasir, have moved for reconsideration of the Court's November 16, 2023, Memorandum Opinion and Order granting-in-part and denying-in-part the United States Department of Agriculture's Food and Nutrition Service's ("FNS") motion to dismiss this matter, or, alternatively, for summary judgment.  ECF Nos. 29, 31 and 39.  The motion for reconsideration is fully briefed.  ECF Nos. 29, 31, 32 and 39.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court **DENIES** Plaintiffs' motion for reconsideration.

### Background And Procedural History

The dispute in this case involved a challenge to FNS' decision to permanently disqualify Patapsco Mart—a former convenience store located at 817 E. Patapsco Avenue, Brooklyn, Maryland—from participation in the Supplemental Nutrition Assistance Program ("SNAP"), pursuant to the Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011 *et seq*.  *See generally* ECF No. 1.  A detailed factual background for the case is set forth in the Court's November 16, 2023, Memorandum Opinion (the "November 16, 2023, Decision").  ECF No. 27.

Relevant to the pending motion for reconsideration, on March 7, 2022, FNS issued a final agency decision concluding that permanent disqualification of Patapsco Mart from participation in SNAP was appropriate, due to evidence of SNAP benefits trafficking.  A.R. 1308-32.  In the

agency's final decision, FNS identified suspicious repeat transactions by the same household at Patapsco Mart, which involved 107 sets of transactions—totaling $12,415.57—conducted by 87 different SNAP households. A.R. 1319. The FNS determined that it was uncommon for the transactions to be for such large dollar amounts and that the transactions were suspicious, because they displayed characteristics of use that are inconsistent with Patapsco Mart's stock and facilities. A.R. 1319-20; *see also* A.R. 1319-22 (explaining why Patapsco Mart's purported justifications could not in fact explain the transactions in question and detailing how similar patterns were not found at nearby comparable stores).

The FNS also identified several excessively large "high-dollar" purchases at Patapsco Mart, which involved 1,399 transactions—including transactions for amounts as large as $374.86—and totaling $76,805.99. A.R. 1322. The FNS determined that these large transactions were not consistent with Patapsco Mart's observed characteristics and food inventory. *Id.* In addition, FNS concluded that the transaction patterns at Patapsco Mart were inconsistent, when compared with similarly situated convenience stores. A.R. 1325. And so, FNS decided to permanently disqualify Patapsco Mart from participation in SNAP. A.R. 1332.

Plaintiffs alleged in this case that FNS improperly disqualified Patapsco Mart from participation in SNAP, because the store did not engage in the trafficking of SNAP benefits and the transactions that FNS relied upon to permanently disqualify the store from the program were "bona fide purchases of food items, in exchange for SNAP benefits as the system was intended." ECF No. 1 ¶¶ 53, 56. Plaintiffs also alleged that FNS's decisions to disqualify Patapsco Mart, and to deny the issuance of a civil money penalty instead of disqualifying the store, were "invalid and inaccurate." *Id.* ¶ 65. And so, Plaintiffs requested that the Court conduct a *de novo* review of FNS's disqualification decision and reverse the agency's permanent disqualification of Patapsco Mart from SNAP. *Id*. at Prayer for Relief.

After the Government moved to dismiss the complaint, or, alternatively, for summary judgment, the Court issued a Memorandum Opinion and Order granting-in-part and denying-in-part the Government's motion and dismissing the complaint on November 16, 2023. ECF No. 27.

In the November 16, 2023, Decision, the Court held that Plaintiffs asserted a plausible claim challenging FNS' final decision under the Food and Nutrition Act. ECF No. 27 at 13-14. But, the Court determined that reversal of FNS' disqualification decision was not warranted,

because the agency's determination that Patapsco Mart engaged in the trafficking of SNAP benefits was supported by the record evidence. *Id*. at 14-19.

In this regard, the Court observed, as an initial matter, that *de novo* review of this case requires that the Court "'reach its own factual and legal conclusions based on the preponderance of the evidence and should not limit its consideration to matters previously appraised in the administrative proceedings.'" ECF No. 27 at 11; *see also Ibrahim v. United States*, 834 F.2d 52, 53-54 (2d Cir. 1987) (quoting *Modica v. United States,* 518 F.2d 374, 376 (5th Cir. 1975)). The Court also observed that its judicial review is conducted in two stages. First, Plaintiffs bear the burden of establishing, by a preponderance of evidence, that the violations found by the agency did not occur. ECF No. 27 at 11-12 (citing *AJS Petroleum, Inc. v. United States*, 2012 WL 683538, at *4 (D. Md. Mar. 1, 2012)). Second, if the Court concludes that a violation occurred, the Court applies the "arbitrary and capricious" standard in determining whether the sanction imposed is valid. *Id*. Lastly, the Court observed that Fourth Circuit has held that "summary judgment is a proper means of disposing of a request for review under 7 U.S.C. § 2023(a)(13), where there are presented no genuine issues of material fact." *Id*. at 12 (quoting *Bon Supermarket & Deli v. United States*, 87 F. Supp. 2d 593, 599 (E.D. Va. 2000)); *see Idias v. United States*, 359 F.3d 695, 696 (4th Cir. 2004)).

Applying these standards, the Court determined that summary judgment in favor of the Government was appropriate in this case, because FNS' conclusion that that Patapsco Mart engaged in the trafficking of SNAP benefits was well-supported by the administrative record for several reasons. ECF No. 27 at 14-15. First, the Court held that the record evidence supports FNS' finding that Plaintiffs engaged in SNAP benefits trafficking, based upon the evidence in the administrative record showing multiple transactions at Patapsco Mart, involving the same households and occurring during a short time period. *Id*. at 15-17. Second, the Court held that the record evidence also supports FNS' findings regarding the excessively large purchases at Patapsco Mart, and that these "high-dollar" purchases are indicative of SNAP benefits trafficking. *Id*. at 17-19.

In addition, the Court held that FNS' decision to permanently disqualify Patapsco Mart from SNAP, rather than to impose a civil monetary penalty, was reasonable and consistent with the applicable law. *Id*. at 20-21. Lastly, the Court concluded that entry of summary judgment in the case was appropriate, because Plaintiffs failed to show that there were any material facts in

dispute, or that discovery was necessary before the Court resolved the Government's motion. *Id*. at 21-23. And so, the Court granted-in-part and denied-in-part the Government's motion and dismissed the complaint. *Id*. at 22.

On December 14, 2023, Plaintiffs filed a motion for reconsideration and an amended motion for reconsideration. ECF Nos. 29, 31. On December 20, 2023, the Government filed a response in opposition to Plaintiffs' motion for reconsideration. ECF No. 32. On January 3, 2024, Plaintiffs filed a reply brief. ECF No. 39.

On January 4, 2024, Plaintiffs filed an "*ex parte* motion for extension of time to file appeal." ECF No. 41. On January 12, 2024, Plaintiffs filed a notice of appeal of the November 16. 2023, Decision. ECF No. 42. The United States Court of Appeals for the Fourth Circuit issued a notice regarding Plaintiffs' appeal and pending motion for reconsideration on February 20, 2024. ECF No. 44.

## Standards Of Decision

A party may move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), or seek relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59 and 60(b). Pursuant to Rule 59(e), a party may move to alter or amend a court's judgment within 28 days of entry. Fed. R. Civ. P. 59(e). But a judgment may be amended under Rule 59(e) in only limited circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).

## Analysis

Plaintiffs seek reconsideration of the November 16, 2023, Decision upon the following three grounds: (1) the Court erred by "overlooking" certain evidence that Plaintiffs rely upon to demonstrate genuine disputes of material fact regarding whether Plaintiffs engaged in SNAP benefits trafficking; (2) the Court erred as a matter of law in finding that Plaintiffs failed to identify a genuine issue of material fact that would be addressed, or resolved, by discovery with regards to the suspicious transactions at issue in this case; and (3) the Court erred by applying the wrong legal standard in resolving the Government's dispositive motion. ECF Nos. 29, 31 and

39. And so, Plaintiffs request that the Court set aside the November 16, 2023, Decision and enter an order denying the Government's dispositive motion. ECF No. 29 at 4.

The Government counters that reconsideration of the November 16, 2023, Decision is not warranted, because Plaintiffs fail to identify any intervening change in controlling law, newly discovered evidence, clear error of law, or manifest injustice. ECF No. 32. And so, the Government requests that the Court deny Plaintiffs' motion for reconsideration.

A careful reading of Plaintiffs' motion for reconsideration shows that Plaintiff have not met their burden to show either an intervening change in controlling law, newly discovered evidence, a clear error of law, or manifest injustice that would warrant reconsideration of the Court's November 16, 2023, Decision. And so, for the reasons set forth below, the Court DENIES Plaintiffs' motion for reconsideration.

As an initial matter, Plaintiffs' argument that reconsideration of the November 16, 2023, Decision is warranted, because the Court "overlooked" their evidence regarding certain itemized transaction receipts, is unsubstantiated. As Plaintiffs acknowledge, the Court cited to Plaintiffs' itemized receipts for the suspicious transactions identified by FNS in the November 16, 2023, Decision. ECF No. 27 at 19. Plaintiffs' receipts are also contained in the extensive administrative record that the Court reviewed in resolving the Government's motion. *See* AR 339-1101. In addition, Plaintiffs' receipts for the so-called "high dollar" transactions are also contained in the extensive administrative record that the Court reviewed in connection with this dispute. *Id*. Given this, Plaintiff's argument that the Court did not consider this evidence is unfounded.

The litigation history in this case also makes clear that Plaintiffs previously raised in their filings the argument that FNS acknowledged that the agency reviewed approximately 20% of Plaintiffs' receipts. ECF No. 20-1 at 41. In their motion for reconsideration, Plaintiffs continue to argue that the suspicious transactions identified by FNS are actually legitimate purchases, as evidenced by these receipts. But the Court previously considered this argument and concluded in the November 16, 2023, Decision that Plaintiffs' evidence did not negate the FNS' finding that the suspicious transactions were indicative of SNAP benefits trafficking. ECF No. 27 at 15-19. And so, while understandable, Plaintiff's disagreement with the Court's determination is not a basis for reconsideration under Rule 59(e).

The Court also carefully considered and rejected Plaintiffs' arguments to show that there

are material facts in dispute in this case and that Plaintiffs should be allowed to conduct discovery.  In their motion for reconsideration, Plaintiffs continue to argue that there are material facts in dispute in this case regarding the suspicious transactions identified by the NFS.  ECF No. 31 at 2-3; ECF No. 39 at 3-4.  But, as the Court explained in the November 16, 2023, Decision, the record evidence in this case regarding the nature of these suspicious transactions is not in dispute.  ECF No. 27 at 21.  Rather, Plaintiffs challenge the conclusion that FNS reached, based upon this undisputed evidence, in determining that Plaintiffs engaged in the trafficking in SNAP benefits.  *Id*.; *see also Loma Deli Grocery Corp. v. United States*, 2021 WL 4135216, at *8 (S.D.N.Y. Sept. 10, 2021) (granting motion for summary judgment and holding that "[p]laintiffs' attack on the 'patterns' identified in the ALERT system does not give rise to a question of material fact").

       Plaintiffs also continue to argue that they were entitled to discovery, to show that the patterns of suspicious transactions at Patapsco Mart were not unusual transactions and that FNS deviated from the agency's standard operating procedures in completing its EBT Analysis, before the Court resolved the Government's motion.  ECF No. 31 at 4-6.  The Court also addressed this argument in the November 16, 2023, Decision and determined that Plaintiffs did not show that the discovery they seek is necessary.  ECF No. 27 at 22; s*ee also, Negash v. United States*, 772 F. App'x 34, 35 (4th Cir. 2019) ("[A] court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment.").  And so, again, Plaintiffs disagreement with the Court's determination is not a proper ground for reconsideration.

       The Court also agrees with the Government that Plaintiffs' reliance upon *Euclid Market, Inc. v. United States,* 60 F.4th 423, 429 (8th Cir. 2023), to show that reconsideration of the November 16, 2023, Decision is warranted is misplaced.  In *Euclid Market*, the Eighth Circuit held that a store operator bears the burden of proof in challenging the USDA's decision to disqualify a store from participation in SNAP and that "[a] store's failure to provide transaction-specific evidence of every transaction does not inherently doom its case." *Euclid Market,* 60 F.4th at 429.  But *Euclid* is inapposite here, because the November 16, 2023, Decision was not based upon Plaintiffs' failure to provide transaction-specific evidence for every suspicious transaction at issue in this case.  The Court also does not read *Euclid Market* to entitle Plaintiffs to the discovery that they seek in this case.

6

As final matter, Plaintiffs argue, without persuasion and for the first time in their reply brief, that the Court applied the wrong legal standard in the November 16, 2023, Decision. ECF No. 39 at 1-3. As the Court observed in the November 16, 2023, Decision, the Court's judicial review in this case is conducted in two stages. ECF No. 27 at 11-12. First, Plaintiffs as the retailer bear the burden of establishing, by a preponderance of evidence, that the violations found by the NFS did not occur. *Id.*; s*ee also AJS Petroleum, Inc.*, 2012 WL 683538, at *4; *see also, e.g.*, *2341 E. Fayette St., Inc. v. United States*, 2005 WL 2373696, at *1 (D. Md. Sept. 26, 2005). Second, if the Court concludes that a violation occurred, the Court applies the "arbitrary and capricious" standard in determining whether the sanction imposed is valid. *Id*. The Court also observed that the Fourth Circuit has held that "summary judgment is a proper means of disposing of a request for review under 7 U.S.C. § 2023(a)(13), where there are presented no genuine issues of material fact." ECF No. 27 at 15 (quoting *Bon Supermarket & Deli*, 87 F. Supp. 2d. at 599). And so, the Court applied these standards in analyzing this dispute. *Id*. at 15-19.

In sum, a careful reading of Plaintiff's motion for reconsideration shows that Plaintiffs seek to re-visit the arguments and evidence that the Court previously considered in the November 16, 2023, Decision. Because this is not a proper reason to seek reconsideration under Rule 59(e), the Court must DENY Plaintiffs' motion for reconsideration.

## Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for reconsideration.

The Clerk is **DIRECTED** to **CLOSE** the case.

Each party to bear its own costs.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
